PEDRO VELLÓN, Plaintiff and Appellee, *v.* CENTRAL PASTO VIEJO, INC., Defendant and Appellant.

No. 3988. Argued May 24, 1927.—Decided December 24, 1927.

*González Fagundo & González Jr., Henry G. Molina* and *L. Feliú*
for the appellant. *Arturo Aponte Jr.* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Pedro Vellón brought an action of redemption in the District Court of Humacao against the Central Pasto Viejo. He did not allege that he had agreed not to sell the property within four years as required by section 1616 of the old Law of Civil Procedure, and it was finally held by this Supreme Court that the complaint did not state facts sufficient to determine a cause of action and, therefore, that it should be and was dismissed. 34 P.R.R. 226.

The plaintiff moved for reconsideration or modification of the judgment in the sense that he be granted leave to amend his complaint. The court denied the reconsideration and set a day for hearing the parties on granting leave to amend. Both parties appeared and on July 24, 1925, the court decided to modify its judgment of the 4th of the previous May granting the leave requested.

On the 18th of the following August Vellón filed in the district court his amended complaint. In opposition the defendant filed the following demurrer:

"That the complaint does not state sufficient facts to determine a cause of action.

"The basis of this demurrer is that the action is barred in accordance with section 1427 of the Civil Code."

Both parties submitted the case to the court on their respective pleadings, "that is, taking into account the amended complaint as it has been presented and the demurrer, so that if the demurrer should be overruled a final judgment shall be rendered for the plaintiff with all consequent pronouncements, or if the demurrer be sustained the complaint shall be dismissed."

On May 28, 1926, the court rendered judgment for the plaintiff with the costs against the defendant, which brought about the present appeal.

The appellant contends in its brief that the amended complaint should have been dismissed because it was not in accordance with section 1616 of the old Law of Civil Procedure. It seems well to transcribe the following paragraphs of its brief:

"Therefore, we understand that either the procedure established by section 1616 of the Spanish Law of Civil Procedure is in force, or that it is not. (González v. Acha, supra; Benítez v. Díaz, 28 P.R.R. 673, and Vellón v. Central Pasto Viejo, supra.) If it is in force, the plaintiff must comply, in order that his action may prosper, with the provisions of that section, not only as regards the consignation (González v. Acha) or the promise not to sell (Vellón v. Central Pasto Viejo), but also with all respect to the opinion of this Court, with all other requirements of that section. If leave is going to be granted to correct the mistake or defect after the case had been decided on appeal by this court, as is now sought, as regards the 5th requisite what is the distinction to be made for not following the same procedure as regards the other requisites? And if this procedure is going to be followed as regards all the requisites, why not decide at once, as indeed it is going to be decided, that section 1616 is not in force?

"Therefore, we understand that in the present case we are confronted by the alternative either to sustain the decision in Vellón v. Pasto Viejo, 34 P.R.R. 226, or to reverse the doctrine in González v. Acha, 21 P.R.R. 124."

The question is not so rigid as is claimed by the appellant.

The law and the procedure are construed in the light of reason and of the circumstances of each case. The opinions of this court in the cases cited speak for themselves. Section 1616 of the old Law of Civil Procedure is in force in all that is really substantive, that is essential to the right of redemption whose recognition has been continued in the Civil Code. The consignation is fundamental and the obligation not to sell is fundamental.

But this does not mean to say that the modern method of procedure has no influence. Years have passed. A distinct system of procedure has been established and one of its modalities is that of allowing amendments to the pleadings inspired by the desire that actions be prosecuted with all correctness and at the same time to secure to the parties the right decision as required by justice. For the purpose of prescription jurisprudence has laid down the rule that an amended complaint substitutes the original complaint, except as to the filing or commencement of the action for which purpose one must be guided by the original complaint. *Estate of Chavier* v. *Estate of Giraldez*, 15 P.R.R. 145, and cases cited in the opinion. Exception is also made of the case in which the amendment introduces a new or different cause of action. (37 Corpus Juris, 1074.) Here it is true that the amendment involved something substantial, but did not introduce a new or different cause of action. It completed the same action that had been prosecuted from the outset.

As already stated, this court dismissed the original complaint. In so doing it reversed the judgment of the district court which had sustained it. Our decision was based entirely on the necessity of a certain allegation which in the opinion of the plaintiff and the district court was not required by the statutes in force. The plaintiff insisted on his contention and in the end moved to be allowed to amend his complaint. This court sustained his view, but after hearing both parties

came to the conclusion that in furtherance of justice it should exercise its discretion by allowing the amendment. In acting thus it made use of the powers given to it by the new procedure law and at the same time complied with the old law, from which the right of the plaintiff is partly derived, in everything that was substantive and essential.

Therefore, the demurrer of prescription is without merit. The complaint as finally amended and made complete starts not from the 18th of July, 1925, but from the 18th of August, 1922, when the original was filed.

The appellant insists on the question of prescription because the amended complaint was filed after nine days from the granting of leave to amend. The order of the court did not fix any period. The order was entered on July 24th and notified on the 28th, and the filing of the complaint on the 18th of August, although showing lack of diligence on the part of the plaintiff, does not justify the conclusion that it was not filed within a reasonable time. The period of nine days, which is also essential for the prosecution of an action of redemption, pursuant to section 1616 of the old Law of Civil Procedure, the Civil Code and the jurisprudence, refers to the original complaint, and here through a legal fiction the complaint filed on July 18, 1925, is considered as having been filed on August 14, 1922, when the statutory nine days had not expired.

A large part of the brief of the appellant is taken up by an attack on the pronouncement of costs of the judgment appealed from.

When this court reversed the judgment for the plaintiff and dismissed the complaint, thus deciding in favor of the defendant, it did so without special imposition of costs.

It is true that we now affirm the judgment and decide against the defendant in its continued opposition, but in order to arrive at that conclusion we have been compelled to make a careful examination of the matter. New questions are

involved. Although there is shown a great deal of tenacity on the part of the defendant, that tenacity is not of such a nature as to be considered temerity.

After a full consideration of all of the interests involved we are of the opinion that the district court exceeded the limit in imposing the costs on the defendant.

In virtue thereof the judgment appealed from must be affirmed except as to the pronouncement of costs which must be reversed and substituted by the following: "without special imposition of costs."